UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

RICHELL GONZALEZ, an individual,

      Plaintiff,

v.

ACE TRANSPORT MIAMI LLC, a Florida Limited Liability Company,
and MAC 3500 LLC, a Florida Limited Liability Company,

      Defendants.

_____/

## COMPLAINT

1.    Plaintiff, RICHELL GONZALEZ (hereinafter referred to as "Plaintiff" and "GONZALEZ"), was an employee of Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, and brings this action against Defendants for alleged sex/gender discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq., a*nd the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq*.

2.    At all times material to this Complaint, GONZALEZ has been a Female individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.    Defendants, ACE TRANSPORT MIAMI LLC, a Florida Limited Liability Company, and MAC 3500 LLC, a Florida Limited Liability Company (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated transportation & logistics services business based at 10901 NW 146th Street, Suite 1, Hialeah, Florida 33018 in Miami-Dade County.

4.      At all times material to this Complaint, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.  Alternately, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff.  As a second alternative, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff.  As a final alternative, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1343, and 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Miami-Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

7.      In approximately November 2019, Defendants hired GONZALEZ to work as an Administrative Assistant based upon gross weekly wages of approximately $500.00/week.

8.     Between approximately November 2019 and mid-January 2020, ACE TRANSPORT MIAMI LLC paid GONZALEZ gross weekly wages of approximately $500.00/week for the work Plaintiff performed for Defendants.

9.     On or around January 16, 2020, after GONZALEZ had already been working for Defendants for several weeks since approximately November 2019, Defendants required GONZALEZ to complete an "application" and other paperwork (including, by way of example, a direct deposit form) through a third-party Professional Employer Organization (PEO) named Frank Crum—which PEO Defendants used for outsourced payroll/administration—on which application and paperwork MAC 3500 LLC was identified by Defendants in order for GONZALEZ to be treated as a "leased employee" of Frank Crum for Defendants based upon Defendants paying GONZALEZ gross weekly wages of approximately $625.00/week through Frank Frum.

10.     Between November 2019 and February 2020, GONZALEZ's primary duties as an Administrative Assistant for Defendants consisted of the following non-exempt tasks:   (a) receiving and inputting payments Defendants received and tracking rented-parking spaces for truck and trailer rentals; (b) processing background and hiring paperwork for drivers hired and contracted by Defendants; (c) data entry, updating Defendants' "master" list, and working with Excel spreadsheets and weekly SunPass reports; and (d) carrying out all office support work directed by and needed to assist Defendants' owner, Rodolfo Alvarez.

11.     Between approximately mid-January 2020 and February 2020, MAC 3500 LLC paid GONZALEZ gross weekly wages of approximately $625.00/week through Frank Crum for the work Plaintiff performed for Defendants.

12.    At all times material to this action, Rodolfo Alvarez[1] owned and managed ACE TRANSPORT MIAMI LLC and MAC 3500 LLC and Mr. Alvarez regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of ACE TRANSPORT MIAMI LLC and MAC 3500 LLC.

13.    The facts and circumstances of the work GONZALEZ performed for Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, between approximately November 2019 and February 2020 reveal and confirm that Plaintiff was an "employee" of Defendants under the law—not an independent contractor[2]—including but not limited to because:

(a) Plaintiff worked on a full-time, permanent and continuous basis for Defendants each week between approximately November 2019 and February 2020;

(b) Plaintiff was wholly dependent on Defendants for earning her livelihood between approximately November 2019 and February 2020;

(c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff in the work she carried out for Defendants between approximately November 2019 and February 2020;

(d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants between approximately November 2019 and February 2020;

(e) the duties Plaintiff carried out on a daily basis in Defendants' transportation & logistics services business between approximately November 2019 and February 2020 did not require specialized skills by Plaintiff; and

(f) Plaintiff's duties for Defendants' transportation & logistics services business between approximately November 2019 and February 2020 were an integral part of the services Defendants provided to their customers.

---

[1] At all times material to this action, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC regularly conduct business through the office located at 10901 NW 146th Street, Suite 1, Hialeah, Florida 33018 with Rodolfo Alvarez serving as the sole "Manager" of the corporate entities which, based upon information and belief, Mr. Alvarez exclusively owned.
[2] For the year 2019, Defendants issued GONZALEZ an IRS 1099 Form through the entity ACE TRANSPORT MIAMI, LLC in the amount of $2,500.00.

14.     At all times material to this action, GONZALEZ was an employee of Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, within the meaning of Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

15.     At all times material to this action, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, were GONZALEZ's employer and/or a joint employer of GONZALEZ within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

16.     In January 2020, GONZALEZ, learned she was pregnant.

17.     In both January 2020 and February 2020, GONZALEZ attended doctor's appointments for Plaintiff's pregnancy and Plaintiff had brief absences from work for these doctor's appointments.

18.     In February 2020, when GONZALEZ was approximately ten (10) weeks pregnant, GONZALEZ's supervisor, Mr. Alvarez—who not only owned ACE TRANSPORT MIAMI LLC and MAC 3500 LLC but also ran Defendants' day-to-day business operations— became frustrated by GONZALEZ's pregnancy and Plaintiff's need to attend doctor's appointments for her pregnancy.

19.     In this regard, when GONZALEZ discussed with Mr. Alvarez in February 2020 Plaintiff's doctor's appointments for her pregnancy, Mr. Alvarez got annoyed and asked GONZALEZ what Plaintiff's "intentions" were for working when my baby was ultimately born.

20.     However, despite GONZALEZ telling Mr. Alvarez in February 2020 that Plaintiff intended to continue working even after she ultimately gave birth in September 2020, Mr. Alvarez was unhappy with GONZALEZ being pregnant.

21.     At the end of the work day on February 20, 2020, Mr. Alvarez told GONZALEZ that "this isn't working" for him," followed by Mr. Alvarez saying "god bless the baby" but that

he was "going to start fresh," at which point Mr. Alvarez terminated GONZALEZ's employment.

22.    At all times material to this action, GONZALEZ was capable of performing her essential job duties as an Administrative Assistant for Defendants.

23.    At all times material to this action between approximately November 2019 and February 2020, GONZALEZ satisfactorily performed her duties as an Administrative Assistant for Defendants.

24.    Defendants' termination of GONZALEZ's employment on February 20, 2020 was because (a) of a discriminatory animus against GONZALEZ because of Plaintiff's sex/gender, Female, and/or pregnancy; and (b) retaliation against GONZALEZ because Plaintiff (i) exercised her rights as a Female/pregnant employee under the law; and (ii) opposed Defendants' disparate treatment of her because of her sex/gender, Female, and pregnancy, all in violation of Title VII and the FCRA.

25.    The reasons proffered by Defendants in February 2020 for the termination of GONZALEZ's employment were (a) discriminatory because of Plaintiff's sex/gender, Female, and/or pregnancy; and (b) retaliatory because GONZALEZ (i) exercised her rights as a Female/pregnant employee under the law; and (ii) opposed Defendants' disparate treatment of her because of her sex/gender, Female, and pregnancy, all in violation of Title VII and the FCRA.

26.    All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.     On April 8, 2020, GONZALEZ dual filed a Charge of Discrimination against ACE TRANSPORT MIAMI LLC with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging sex/gender discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*.  A copy of GONZALEZ's EEOC Charge, Charge No. 510-2020-03365, is attached hereto as Exhibit A.

28.     On or around October 13, 2020, the EEOC issued a Notice of Right to Sue to GONZALEZ on Charge No. 510-2020-03365 in which the EEOC "found cause to believe violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge………….." See Exhibit B.

29.     This Complaint is being filed with the Court within Thirty (30) days of GONZALEZ's receipt of the Notice of Right to Sue in connection with Charge No. 510-2020-03365 and Plaintiff has exhausted all administrative remedies on the claims pled in the Complaint.

30.     As of November 12, 2020, more than One Hundred and Eighty (180) days have passed since the filing of GONZALEZ's Charge of Discrimination on April 8, 2020 and the FCHR did not issue any determination concerning GONZALEZ's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," GONZALEZ has exhausted all administrative remedies under Florida as well as Federal law.

31.     All conditions precedent to the institution of this action have either occurred or been waived.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION

Plaintiff, RICHELL GONZALEZ, reasserts and reaffirms the allegations of Paragraphs 1 through 31 as if fully set forth herein and further states that this is an action against ACE TRANSPORT MIAMI LLC and MAC 3500 LLC for sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

32.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..."  42 U.S.C. §2000e-2(a)(1).

33.     At all times material to this action, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

34.     In February 2020, GONZALEZ was subjected to disparate treatment by Defendants because of her sex/gender, Female, by, *inter alia*, Defendants terminating Plaintiff's employment on or around February 20, 2020 because of Plaintiff's sex/gender, Female, and/or pregnancy in violation of 42 U.S.C. §2000e-2(a)(1).

35.     Defendants' disparate treatment of GONZALEZ was so severe and pervasive that it altered, the terms, conditions, and privileges of GONZALEZ's employment with Defendants culminating with the termination of Plaintiff's employment in February 2020.

36.     A motivating factor behind Defendants' termination of GONZALEZ's employment in February 2020 was Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

37.     Defendants' violations of Title VII were intentional and were done with malice and reckless disregard for GONZALEZ's rights as guaranteed under the laws of the United States.

38.     GONZALEZ has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of Defendants' violations of 42 U.S.C. §2000e-2(a)(1).

39.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), GONZALEZ is entitled to recover from Defendants her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, RICHELL GONZALEZ, demands judgment against Defendants, jointly and severally, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT II
### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.*

Plaintiff, RICHELL GONZALEZ, reasserts and reaffirms the allegations of Paragraphs 1 through 31 as if fully set forth herein and further states that this is an action against ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

40.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

41.     When GONZALEZ attended doctor's appointments for Plaintiff's pregnancy in January 2020 and February 2020 and Plaintiff had brief absences from work for these doctor's appointments, and when GONZALEZ notified Defendants' owner, Rodolfo Alvarez, in February 2020 that Plaintiff intended to continue working even after she gave birth in September 2020 despite Mr. Alvarez's annoyance and displeasure with GONZALEZ's pregnancy, GONZALEZ engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

42.     GONZALEZ reasonably and in good faith believed in February 2020 that Rodolfo Alvarez's derogatory statements about Plaintiff's pregnancy and Defendants' displeasure with GONZALEZ's intentions to continue working even after Plaintiff gave birth in September 2020 were unlawful employment practices and/or violations of Title VII.

43.     Defendants intentionally retaliated against GONZALEZ on or around February 20, 2020 when, following GONZALEZ's objections to Mr. Alvarez's discriminatory statements about Plaintiff's pregnancy, Defendants terminated GONZALEZ's employment, in violation of 42 U.S.C. §2000e-3(a).

44.     Defendants' termination of GONZALEZ's employment on or around February 20, 2020 was unlawful retaliation in violation of 42 U.S.C. §2000e-3(a) because of Plaintiff's good faith objections to Defendants' gender/pregnancy discrimination.

45.    The fact that GONZALEZ engaged in activity protected by Title VII was a motivating factor in Defendants' termination of Plaintiff's employment in February 2020, in violation of 42 U.S.C. §2000e-3(a).

46.    Defendants' unlawful retaliation against GONZALEZ was intentional and done with malice and reckless disregard for GONZALEZ's rights as guaranteed under Title VII.

47.    As a direct and proximate result of Defendants' unlawful retaliation against GONZALEZ, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendants' violations of 42 U.S.C. §2000e-3(a).

48.    Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), GONZALEZ is entitled to recover her reasonable attorneys' fees and costs from Defendants.

WHEREFORE, Plaintiff, RICHELL GONZALEZ, demands judgment against Defendants, jointly and severally, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## SEX/GENDER DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, RICHELL GONZALEZ, reasserts and reaffirms the allegations set forth in paragraphs 1 through 31 above and further states that this is an action against ACE

TRANSPORT MIAMI LLC and MAC 3500 LLC for sex/gender discrimination in violation of Florida Statutes §760.10(1).

49.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . ."  F.S. §760.10(1)(a).

50.     At all times material to this action, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, were GONZALEZ's employer and/or a joint employer of GONZALEZ within the meaning of F.S. §760.02(7).

51.     At all times material to this action, GONZALEZ was an employee of Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC within the meaning of F.S. §760.10(1)(a).

52.     At all times material to this action, GONZALEZ has been an aggrieved person within the meaning of F.S. §760.02(10).

53.     In February 2020, GONZALEZ was subjected to disparate treatment by Defendants because of her sex/gender, female, by, *inter alia*, Defendants: (a) subjecting GONZALEZ to discriminatory comments about her sex/gender, female, in comparison to male employees; and (b) terminating GONZALEZ's employment on or around February 2020 because of Plaintiff's sex/gender, female, in violation of F.S. §760.10(1).

54.     Defendants' disparate treatment of GONZALEZ was so severe and pervasive that it altered, the terms, conditions, and privileges of GONZALEZ's employment with Defendants culminating with the termination of Plaintiff's employment in February 2020.

55.     On or around February 20, 2020, Defendants terminated GONZALEZ's employment because of Plaintiff's sex/gender, Female, and/or pregnancy, in violation of F.S. §760.10(1).

56.     A motivating factor behind Defendants' termination of GONZALEZ's employment in February 2020 was Plaintiff's sex/gender, Female, and/or pregnancy, in violation of §760.10(1).

57.     Defendants' violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for GONZALEZ's rights as guaranteed under the laws of the State of Florida, such that GONZALEZ is entitled to punitive damages against Defendants pursuant to F.S. §760.11(5).

58.     GONZALEZ has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of Defendants' violations of F.S. §760.10(1).

59.     Pursuant to F.S. §760.11(5), GONZALEZ is entitled to recover her reasonable attorneys' fees and costs from Defendants as a result of Defendants' violations of the FCRA.

WHEREFORE, Plaintiff, RICHELL GONZALEZ, demands judgment against Defendants, jointly and severally, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, RICHELL GONZALEZ, reasserts and reaffirms the allegations set forth in paragraphs 1 through 31 above and further states that this is an action against ACE

TRANSPORT MIAMI LLC and MAC 3500 LLC for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

60.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

61.     At all times material to this action, Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, were GONZALEZ's employer and/or a joint employer of GONZALEZ within the meaning of F.S. §760.02(7).

62.     At all times material to this action, GONZALEZ was an employee of Defendants, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, within the meaning of F.S. §760.10(1)(a).

63.     At all times material to this action, GONZALEZ has been an aggrieved person within the meaning of F.S. §760.02(10).

64.     When GONZALEZ attended doctor's appointments for Plaintiff's pregnancy in January 2020 and February 2020 and Plaintiff had brief absences from work for these doctor's appointments, and when GONZALEZ notified Defendants' owner, Rodolfo Alvarez, in February 2020 that Plaintiff intended to continue working even after she gave birth in September 2020 despite Mr. Alvarez's annoyance and displeasure with GONZALEZ's pregnancy, GONZALEZ engaged in protected activity within the meaning of F.S. §760.10(7).

65.     GONZALEZ reasonably and in good faith believed in February 2020 that Rodolfo Alvarez's derogatory statements about Plaintiff's pregnancy and Defendants'

displeasure with GONZALEZ's intentions to continue working even after Plaintiff gave birth in September 2020 were unlawful employment practices and/or violations of the FCRA.

66.    Defendants intentionally retaliated against GONZALEZ on or around February 20, 2020 when, following GONZALEZ's objections to Mr. Alvarez's discriminatory statements about Plaintiff's pregnancy, Defendants terminated GONZALEZ's employment, in violation of F.S. §760.10(7).

67.    The fact that GONZALEZ engaged in activity protected by the Florida Civil Rights Act was a motivating factor in Defendants' termination of Plaintiff's employment on or around February 20, 2020, in violation of the FCRA, F.S. §760.10(7).

68.    Defendants' termination of GONZALEZ's employment on or around February 20, 2020 after GONZALEZ objected to Rodolfo Alvarez's derogatory statements about Plaintiff's pregnancy and Defendants' displeasure with GONZALEZ's intentions to continue working even after Plaintiff gave birth in September 2020 was unlawful retaliation in violation of F.S. §760.10(7) because of Plaintiff's good faith objections to Defendants' gender/pregnancy discrimination.

69.    Defendants' violations of §760.10 were intentional and were done with malice and reckless disregard for GONZALEZ's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that GONZALEZ is entitled to punitive damages against GONZALEZ pursuant to F.S. §760.11(5).

70.    GONZALEZ has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendants' violations of F.S. §760.10(7).

71.    Pursuant to F.S. §760.11(5), GONZALEZ is entitled to recover her reasonable attorneys' fees and costs from Defendants as a result of Defendants' violations of the FCRA.

WHEREFORE, Plaintiff, RICHELL GONZALEZ, demands judgment against Defendants, jointly and severally, ACE TRANSPORT MIAMI LLC and MAC 3500 LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

RICHELL GONZALEZ demands trial by jury on all issues so triable.


Dated:  November 12, 2020                    Respectfully submitted,

                                By:     **s/KEITH M. STERN**
                                        Keith M. Stern, Esquire
                                        Florida Bar No. 321000
                                        E-mail:  employlaw@keithstern.com
                                        LAW OFFICE OF KEITH M. STERN, P.A.
                                        80 S.W. 8th Street, Suite 2000
                                        Miami, Florida 33130
                                        Telephone:  (305) 901-1379
                                        Facsimile:  (561) 288-9031
                                        Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION** This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: ☐ FEPA ☒ EEOC | Agency(ies) Charge No(s): 510-2020-03365 |
|---|---|---|

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name (Indicate Mr., Ms., Mrs.) Richell Gonzalez | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|

| Street Address | City, State and ZIP Code Miami, Florida | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name Ace Transport Miami LLC | No. Employees, Members 15+ | Phone No. (Incl. Area Code) (305) 888-6664 |
|---|---|---|
| Street Address 10901 NW 146th Street, Suite 1 | City, State and ZIP Code Hialeah, Florida 33018 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION ☐ OTHER *(Specify)* | Earliest          Latest Feb 20, 2020 ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In approximately November 2019, I began working for Respondent as an Administrative Assistant in Respondent's office in Hialeah, Florida. Between approximately November 2019 and February 2020, I satisfactorily performed my duties for Respondent.

In approximately early February 2020, my supervisor, Rodolfo Alvarez, who owns and runs the business, became frustrated by my pregnancy. In this regard, when I discussed with Mr. Alvarez in February 2020 , for example, doctor's appointments for my pregnancy, Mr. Alvarez got annoyed and asked me what my "intentions" were for working when my baby was ultimately born. However, despite me telling Mr. Alvarez that I would continue working for Respondent after I gave birth, he was unhappy with me being pregnant.

At the end of the work day on February 20, 2020, Mr. Alvarez told me that "this isn't working" for him," followed by Mr. Alvarez saying "god bless the baby" but that he was "going to start fresh," at which point Mr. Alvarez terminated my employment and handed me my final paycheck.

I believe Respondent subjected me to discrimination and disparate treatment based upon my sex/gender, female, and my pregnancy, and I believe Respondent retaliated against me because I objected to sex/gender-pregnancy discrimination, all in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 04/08/2020                    *Richell Gonzalez (Apr 8, 2020)* Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To:   **Richell Gonzalez** <br><br> Miami, FL ████ | From:   **Miami District Office** <br> **Miami Tower, 100 S E 2nd Street** <br> **Suite 1500** <br> **Miami, FL 33131** |

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2020-03365** | **Jeanette P. Wooten,** <br> **Investigator** | **(786) 648-5798** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Christopher Bashaw*                                                    10/13/2020

Enclosures(s)

FOR   **BRADLEY A. ANDERSON,**                              *(Date Mailed)*
**Acting District Director**

cc:   **ACE TRANSPORT MIAMI LLC**                 <u>**Charging Party Representative**</u>
**c/o Madison Bulman, Esq.**                        **Keith Stern, Esq.**
**Mathis Law Group**                               **LAW OFFICE OF KEITH STERN, PA**
**515 E. Las Olas Blvd.**                          **80 SW 8th Street, Suite 2000**
**Suite 120**                                      **Miami, FL 33130**
**Fort Lauderdale, FL 33301**

Enclosure with EEOC
Form 161-A (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***
